UNITED STATES of America, Plaintiff-Appellee,

v.

Edwin Harold SCHOORE, Defendant-Appellant.

No. 71–1117.

United States Court of Appeals,
Ninth Circuit.

Aug. 31, 1971.

Rehearing Denied Nov. 26, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 431 F.2d 409, Part I (5th Cir. 1970).

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

George Haverstick, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Thomas M. Coffin, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY, ELY, and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Appellant appeals from his conviction upon two counts for conspiracy to transport aliens in violation of 18 U.S.C. § 371 and for transporting aliens in violation of 8 U.S.C. § 1324. The dispositive issue is whether or not an in-court identification of appellant was tainted by a preceding and impermissibly suggestive photographic identification.

Seven aliens were found in appellant's car. All of the aliens were interrogated and were shown pictures of appellant and others. Only one of the aliens, Serna-Gomez, was called to testify at the trial. He identified appellant as the man who placed him in the trunk of the car. It is uncontradicted that the photographic display included at least two persons of appellant's nationality. The testimony of the interrogating officer provides no sustenance for an argument that the display to Gomez was unduly suggestive. The record does not sustain appellant's contention that the photographic identification process violated the standards of Simmons v. United States (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

The judgment is affirmed.

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of